# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ERLENE GREEN,**

    **Plaintiff,**

vs.                                                                       No. 97cv1517 JHG/RLP

**CLOVIS MUNICIPAL SCHOOLS,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, filed January 29, 1999. On September 8, 1998, upon consent of the parties, the assigned United States District Judge designated the undersigned United States Magistrate Judge to conduct all proceedings pursuant to 28 U.S.C. § 636(c). The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds the motion to be well-taken and should be GRANTED.

**I. Background**

Plaintiff, a fifty-four year old African-American woman, was employed as a bus driver by the Clovis Municipal Schools for approximately sixteen years until she was laid-off on May 30, 1997. Plaintiff alleges, through her Amended Complaint for Discrimination, Retaliation, Breach of Contract, and Breach of the Covenant of Good Faith and Fair Dealing, filed February 26, 1998 (Amended Complaint), that she was subjected to unlawful racial discrimination in her employment in violation of 42 U.S.C. § 1983, unlawful racial discrimination in her employment in violation of Title VII,

unlawful retaliation in violation of Title VII, age discrimination in violation of the Age Discrimination in Employment Act, as well as supplemental jurisdiction claims for breach of employment contract, and breach of the implied covenant of good faith and fair dealing. Jurisdiction is founded upon federal question and supplemental jurisdiction. 28 U.S.C. §§ 1331, 1343 and 1367 (1998). On September 15, 1998, upon the parties' joint motion, Plaintiff's claims of age discrimination were dismissed with prejudice.

## II. Standard of Review

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact . . . " *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *Universal Money Centers v. AT&T*, 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655 (1994).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1355 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1593 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). Once the movant meets its burden, the

burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *Universal Money Centers v. AT&T*, 22 F.3d at 1529. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586, 106 S.Ct. at 1356. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *Universal Money Centers v. AT&T,* 22 F.3d at 1529. The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to defeat a properly supported motion for summary judgment. *Id.* In an employment discrimination case, a plaintiff may rely upon direct or indirect evidence of discrimination. *Anaeme v. Diagnostek, Inc.,* 164 F.3d 1275, 1278 (10th Cir. 1999).

**III. Discussion**

**a. Whether Defendant is entitled to summary judgment on Plaintiff's claims brought pursuant to 42 U.S.C. § 1983?**

Defendant argues it is entitled to summary judgment on Plaintiff's § 1983 claim for racial discrimination because Plaintiff did not identify a constitutional right independent from Title VII. A plaintiff must have a basis for § 1983 claims outside and independent of Title VII. *Notari v. Denver Water Dept.*, 971 F.2d 585 (10th Cir. 1992). In her Title VII racial discrimination claim, Plaintiff alleged Defendant subjected her to disparate treatment with regard to her compensation and the conditions and privileges of her employment, did not subject white employees to adverse treatment,

she was damaged due to the disparate treatment, Defendant had no legitimate non-discriminatory reason for subjecting her to disparate treatment, and Defendant engaged in discriminatory practices with malice and reckless indifference to her rights to be free from intentional discrimination in employment.

In her § 1983 claim, Plaintiff alleged that defendant engaged in a pattern of harassment and discrimination against her with respect to her compensation and the conditions of her employment due to her race, tolerated an atmosphere of racial animosity in the workplace, and intentionally discriminated against her with respect to compensation and the conditions and privileges of her employment due to her race.

Defendant has established that Plaintiff's § 1983 claim is based solely on alleged racial discrimination with respect to her employment. The basis for the §1983 claim does not rest on substantive rights outside of Title VII. Thus, Defendant has established Plaintiff's § 1983 claim is not independent of her Title VII claim. In her response to the motion for summary judgment, Plaintiff all but conceded the Amended Complaint failed to allege a § 1983 claim independent from the Title VII claim and renewed[1] her request for leave to amend the complaint to add a First Amendment claim under 42 U.S.C. § 1983. Plaintiff's response is not sufficient to defeat Defendant's showing. Therefore, Defendant is entitled to summary judgment on Plaintiff's §1983 claim.

    **b.    Whether Defendant is entitled to summary judgment on instances of discrimination which occurred more than 300 days before the filing of her charge of discrimination?**

Defendant next argues Plaintiff's Title VII claim of racial discrimination is limited to events

---

[1] On April 7, 1999, the Court denied Plaintiff's Motion for Permission to File Second Amended Complaint.

which occurred within 300 days of the filing of her charge of discrimination. Timely exhaustion of administrative remedies is a prerequisite to a suit under Title VII. *Mascheroni v. Bd. of Regents of Univ. of California*, 28 F.3d 1554, 1560. Title VII requires a plaintiff to file a discrimination complaint with the EEOC within 180 days of the offensive conduct, or within 300 days in a state, such as New Mexico, where the EEOC defers to the enforcement efforts of a state agency empowered to undertake employment discrimination investigations. 42 U.S.C. § 2000e-5(e)(1); *Mascheroni,* 28 F.3d at 1557 n.3. Plaintiff filed her only charge of discrimination with the New Mexico Human Rights Division on May 28, 1997. Defendant's Memorandum in Support of Its Motion for Summary Judgment, Exhibit A. Thus, Plaintiff has exhausted her administrative remedies with respect to instances of alleged discrimination which occurred on or after August 1, 1996, the date 300 days before she filed her charge of discrimination.

Nevertheless, in her response, Plaintiff argues events which occurred earlier are subject to review because they constituted a continuing course of conduct.[2] In order to establish a continuing course of discriminatory conduct, Plaintiff must allege Defendant engaged in a series of related discriminatory acts, at least one of which falls within the limitations period. *Purrington v. University of Utah*, 996 F.2d 1025, 1028 (10th Cir. 1993). The continuing violation doctrine is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that her rights have been violated. *Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1415 n.6 (10th Cir. 1993).

In order to determine whether the prior incidents of alleged discrimination constitute a continuing course of discrimination, or whether they are discrete acts, the court must consider the

---

[2] Plaintiff included none of these allegations in the Amended Complaint.

subject matter; the frequency of the incidents, and the permanence of the incidents. *Martin,* 3 F.3d at 1415. The subject matter prong asks whether the violations constitute the same type of discrimination. *Id.* The permanence prong reflects the equitable nature of the continuing violation doctrine. *Martin*, 3 F.3d at 1415 n.6. In evaluating the permanence prong, the court must ask whether the nature of the violations should trigger an employee's awareness of the need to assert her rights, and whether the consequences of the acts would continue even in the absence of a continuing intent to discriminate. *Id.* In the alternative, a Plaintiff may establish a continuing violation with evidence of a pervasive, institutionalized system of discrimination through an employer's policies or practices. *Purrington v. University of Utah,* 996 F.2d at 1029.

Plaintiff's amended complaint does not contain any allegations which occurred before August 1, 1996. However, in her response to the motion for summary judgment, Plaintiff argues the Court should consider incidents which occurred outside the limitations period. These include a requirement that she use a separate bathroom in 1991, racial hate mail in the employee mailbox, and denial of new buses. While these factors are not at issue because they are not included in the amended complaint, the court will nonetheless address them.

Plaintiff attached her Supplementation to Defendant's Interrogatories Nos. 9, 10, 11, 12 & 13 to her Response to Defendant's Motion for Summary Judgment as Exhibit 1 (Exhibit 1). Plaintiff did not sign her supplemental answers and did not answer the interrogatories under oath as required by Fed.R.Civ.P. 33(b). In Exhibit 1, Plaintiff stated she was required to use a bathroom separate from whites on October 21, 1991. In her deposition, portions of which are attached as Exhibit 4, Plaintiff testified that in August or September, 1991, her former supervisor, Mr. Burch, told her to use the separate bathroom. Exhibit 4 at 46. Mr. Burch retired in November, 1992. Mr. Chavez, a co-worker,

also testified in his deposition that in July, 1991, Mr. Burch told him to use a bathroom across the street. Exhibit 17 at 45.

In Exhibit 1, Plaintiff states discriminatory flyers were disseminated in 1992. Exhibit 1 at 10. In her deposition, Plaintiff testified she found two "disgusting documents" in her employee mailbox less than a week after Mr. Burch became Transportation Department Director. Exhibit 2 at 108-109. Mr. Chavez also testified he found a racist letter in his mailbox during Mr. Burch's tenure. Exhibit 17 at 48.

In Exhibit 1, Plaintiff states she requested a new bus on August 26, 1996, February 15, 1995, and January 7, 1995. Exhibit 1 at 11-12. All requests were denied. In her response, Plaintiff stated the last time she was denied a new bus was in October, 1996, which was within the limitations period. In her deposition, she testified that she was denied a shuttle under Mr. Burch. Exhibit 2 at 108. In another deposition, Plaintiff also testified she was denied a new bus under Mr. Burch. Exhibit 16 at 33-34.

In her Affidavit, attached as Exhibit 7, she states she became involved in organizing a union in January, 1992. She also states her testimony was instrumental in the 1995 acquittal of a co-worker who was accused of stealing gasoline. Exhibit 7. Additional instances of alleged discrimination are included in Exhibit 1. However, Plaintiff does not refer to them in her response to the motion for summary judgment. Plaintiff also includes her second amended complaint as an exhibit to her response to the motion for summary judgment. The Court notes Plaintiff's Motion for Permission to File Second Amended Complaint, was denied on April 8, 1999. Therefore, inclusion of the proposed Second Amended Complaint as an exhibit is improper.

The subject matter of the claimed instances of discrimination varies, the instances are

7

relatively infrequent, and the nature of the alleged violations should have triggered Plaintiff's awareness of the need to assert her rights. Moreover, the record contains no evidence of a pervasive, institutionalized system of discrimination. Therefore, the continuing violation doctrine is not applicable to this case. Defendant is entitled to summary judgment on all instances of alleged discrimination which occurred before August 1, 1996.

> **c.     Whether Defendant is entitled to summary judgment on all allegations which were not included in Plaintiff's charge of discrimination?**

Defendant argues it is entitled to summary judgment on all allegations which were not included in Plaintiff's charge of discrimination for failure to exhaust administrative remedies. A plaintiff must exhaust administrative remedies before bringing suit under Title VII. *Araburu v. Boeing, Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997) (citing *Jones v. Runyon*, 91 F.3d 1398, 1399-1401 (10th Cir. 1996)). The suit may encompass allegations of discrimination reasonably related to the allegations listed in the administrative charge, including new acts which occurred during the pendency of the administrative charge. *Brown v. Hartshorne Public School Dist. #1*, 864 F.2d 680, 682 (10th Cir. 1988).

Plaintiff filed one charge of discrimination on May 28, 1997, which she amended on June 6, 1997. In her charge of discrimination, Plaintiff stated she was being subjected to adverse treatment on a continuous basis due to the following:

> (1) 9/96-messing with my pay by trying to pay me for less time that I actually worked and paying Anglo drivers more than me, (2) 10/96-writing me up twice regarding the conduct of another employee and accused of intimidating a co-worker who mistreated the children, (3) 1/97-writing me up for backing my bus up on school property which I didn't do (4) 1/27/97-being required to submit a doctor's excuse for 2 days of sick leave taken 12/13/96 when non-Black drivers were not, (5) 3/3/97-a co-worker commented to another co-worker that I was out back smoking a cigarette when I was not, (6) 3/7/97-being denied my 3/4 request for sick leave to see the doctor during my noon run, and (7) 4/97-notifying us that our driver jobs are going to be contracted out.

Defendant's Memorandum in Support of Its Motion for Summary Judgment, Exhibit A.

On June 6, 1997, Plaintiff amended her charge to add "retaliatory discrimination" based on being forced to choose between taking a reduction in pay by changing her position, or accepting a position with the independent contractor. Defendant's Reply Memorandum for its Motion for Summary Judgment, Exhibit E.

Although not pleaded in her amended complaint, in her response to the motion for summary judgment, Plaintiff argues the protected activity underlying her claim for retaliation was speaking out on behalf of minorities in opposition to Defendant's racial discrimination as a union spokesperson. This activity was not included in Plaintiff's charge of discrimination, or in her amendment to her charge. The union activities to which Plaintiff refers occurred before 1997.

Where the retaliatory act occurs before the filing of the EEOC charge, and the employee fails to allege the retaliatory act in the subsequent charge, the retaliatory act ordinarily will not relate to the charge. *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997). In this case, Plaintiff did not include any retaliatory acts in her EEOC charge, other than the choice between reassignment and accepting a position with the independent contractor. Plaintiff's charge of discrimination is wholly silent with respect to union activities. Moreover, Title VII states it shall be unlawful for an employer to discriminate against an employee for making a charge of discrimination. 42 U.S.C. § 2000e-3(a). Plaintiff did not allege that Defendant discriminated against her for making a charge of discrimination. Plaintiff failed to exhaust her administrative remedies with respect to her claims for retaliation, other than the choice offered to her when the Defendant switched to an independent contractor. Defendant is thus entitled to summary judgment on all other claims of retaliation.

### d. Whether Plaintiff has established a prima facie case for discrimination?

Defendant argues Plaintiff failed to state a prima facie case of discrimination because she never suffered a materially adverse employment action. In a Title VII case, the Plaintiff bears the initial burden of presenting a prima facie case of discrimination. *Sprague v. Thorn Americas, Inc.,* 129 F.3d 1355, 1362 (10th Cir. 1997). In order to set forth a prima facie case, the Plaintiff must show she is a member of a protected class; she suffered an adverse employment action; and she was treated less favorably than others not in the protected class. *Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1510 (10th Cir. 1997); *Elmore v. Capstan, Inc.,* 58 F.3d 525, 529 (10th Cir. 1995). Once that showing has been made, the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for the challenged actions. *Sprague,* 129 F.3d at 1362. If the employer meets this burden, the employee must show that the employer's stated reason is actually a pretext for discrimination. *Id.*

Plaintiff asserts Defendant discriminated against her by subjecting her to disparate treatment in her employment due to her race. In her Amended Complaint, Plaintiff specifically alleges the discrimination consisted of the following discrete acts. Her supervisor, Walter Cunningham, told her she could not bring a coffee mug on her bus, repeatedly demanded she confirm that the speed of her bus while turning was five miles per hour, and repeatedly demanded that she cooperate with white drivers. In addition, when Plaintiff complained she was being underpaid, she was required to submit a map of her route and another worker followed her bus to document her hours. A time clock was removed from her bus so Plaintiff's hours could not be properly recorded.

Plaintiff also alleges that, in October 1996, she was wrongfully accused of improper behavior and a memorandum of concern was placed in her file, despite the fact another employee was responsible for the objectionable behavior. Plaintiff was wrongfully investigated for another incident

of alleged improper behavior. In January, 1997, she was wrongfully accused of improper backing on school property. On January 27, 1997, she was required to submit a doctor's excuse for having used two consecutive days of sick leave, contrary to Defendant's policies. Personnel who were not African-American were not required to submit a doctor's excuse for two consecutive days of sick leave. On March 3, 1997, Plaintiff was wrongfully accused of smoking at the back of the bus parking lot. Plaintiff submitted a request for sick leave on March 4, 1997, which was wrongfully denied and recorded as unpaid personnel leave.

On May 16, 1997, Plaintiff was notified she would be laid-off as of May 30, 1997, unless she elected to work for an independent contractor at the same rate of pay with no benefits or she chose to take another position with the school district.

Title VII prohibits discriminatory conduct which alters the employee's compensation, terms, conditions, or privileges of employment, deprives her of employment opportunities, or adversely affects her status as an employee. *Sanchez v. Denver Public Schools*, 164 F.3d 527, 532-33 (10th Cir. 1998)(citing *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1301 (3d Cir. 1997)). "[N]ot everything that makes an employee unhappy" qualifies as discrimination within the meaning of Title VII. *Smart v. Ball State University*, 89 F.3d 437, 441 (7th Cir. 1996). The conduct of which Plaintiff complains simply does not rise to the level of a materially adverse employment action sufficient to satisfy the second prong of the prima facie case. Plaintiff has made no showing that any improper accusation resulted in any adverse employment actions. Moreover, it is undisputed that all bus drivers employed by Defendant were subjected to the same choice as Plaintiff in May, 1997, when the prior in-house system was replaced by an independent contractor. Thus, Plaintiff has failed to establish a prima facie case of disparate or retaliatory treatment with respect to the May, 1997 employment action.

Defendant is entitled to summary judgment on Plaintiff's Title VII claims of racial discrimination and retaliation.

**IV. Conclusion**

Upon review of the evidence presented on this motion for summary judgment, the Court concludes Plaintiff failed to establish an independent claim under 42 U.S.C. § 1983, failed to exhaust her administrative remedies with respect to instances of alleged discrimination which occurred prior to August 1, 1996, failed to exhaust her administrative remedies with respect to her claim for retaliation under Title VII except for the May, 1997 employment action, and failed to establish a prima facie case of racial discrimination or retaliation under Title VII. There is no question of material fact which precludes a grant of summary judgment in Defendant's favor. Therefore, Defendant's Motion for Summary Judgment, filed January 29, 1999, should be granted.

Plaintiff's remaining claims are state law claims brought under this Court's supplemental jurisdiction. 28 U.S.C. § 1367. The Court has dismissed all claims over which it had original jurisdiction and finds, in its discretion, it should decline to exercise supplemental jurisdiction over these remaining claims. 28 U.S.C. § 1367(c)(3). Plaintiff's state law claims, which are contained in Counts 5 and 6, are therefore dismissed without prejudice.

**WHEREFORE**,

**IT IS ORDERED** that summary judgment shall be entered in favor of Defendant on Counts 1, 2, and 3.

**IT IS FURTHER ORDERED** that Counts 5 and 6 shall be dismissed without prejudice pursuant to 28 U.S.C. § 1367 (c)(3).

**IT IS FURTHER ORDERED** that the Pretrial Conference, set for Thursday, April 15, 1999,

is vacated.

**IT IS FURTHER ORDERED** that the Jury Trial in this case, set for Monday, May 3, 1999, is vacated.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**
**SITTING BY CONSENT AND DESIGNATION**